UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANICE MEISTER, KATHYRN MEISTER, and ROBERT MEISTER, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 05 C 1591<br>) |
| v. | ) Hon. John W. Darrah<br>) |
| DUANE MENSINGER and CARL KOPPEL, | )<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs filed suit in the Circuit Court of Cook County, Illinois, alleging fraudulent misrepresentation against Carl Koppel and breach of fiduciary duty against Koppel and Duane Mensinger. Subsequently, Defendants removed Plaintiffs' breach of fiduciary claim to federal court. Presently before the Court is Plaintiffs' Motion For Remand or, in the Alternative, For Mandatory Abstention; Defendants' Motion to Dismiss For Lack of Personal Jurisdiction and Improper Venue or, In the Alternative, For Transfer of Venue to the Northern District of California; and Plaintiffs' Motion to Stay Briefing on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or, in the Alternative, For Transfer of Venue to the Northern District of California.

### BACKGROUND

Plaintiff, Janice Meister ("Janice"), is a resident of Chicago, Illinois. Janice's daughter, Kathryn Meister ("Kathryn") is a resident of New York; and her son, Robert Meister ("Robert"), is a resident of California. Koppel is a California resident and is one of the founders and a significant owner of Sesame Technology, Inc. ("Sesame"), a California corporation that provides computer and

related consulting services, including a particular software entitled "Extra View." Mensinger is a California resident and has been the Chief Financial Officer of Sesame since 2002 and a director of Sesame since July 31, 2004.

In late 2000, Koppel began to solicit Robert to make an equity investment in Sesame. Koppel also solicited Janice and Kathryn for investments in late 2001. From January 2001 through April 2002, as a result of Koppel's solicitation, Plaintiffs made equity investments in Sesame of approximately $1.4 million. On and after April 2002, Koppel continued to solicit equity investments in Sesame from Plaintiffs by making a continuing series of false representations concerning the business prospects of Sesame. The representations included false information that Sesame was about to enter into a significant deal with a well-known software company. In June 2002, Koppel falsely informed Plaintiffs that Sesame was expected to receive a signed contract from the well-known software company which would result in $1 million in annual revenues. In reliance upon the representations made by Koppel, Plaintiffs invested an additional $700,000 in Sesame between May and August of 2002.

In late July 2004, Koppel and Mensinger transferred substantially all of Sesame's assets, without adequate consideration, to Staging Corporation ("Staging"), a corporation owned by Mensinger. The transfer of Sesame's assets to Staging rendered Plaintiffs' stock in Sesame worthless. On September 14, 2004, Sesame filed for bankruptcy protection under Chapter 7 of the United States Bankruptcy Code in the Northern District of California.

On February 1, 2005, Plaintiffs filed suit against Defendants in the Circuit Court of Cook County, Illinois. Subsequently, Defendants removed Plaintiffs' breach of fiduciary claim to federal court.

## ANALYSIS

Defendants removed the Plaintiffs' breach of fiduciary duty claim, contending that the Plaintiffs had brought a derivative claim belonging to Sesame. In light of Sesame's bankruptcy proceeding, this Court has jurisdiction over a derivative claim.

Plaintiffs argue that the removed action should be remanded to state court because this Court lacks jurisdiction over the matter. Specifically, the Plaintiffs assert that the breach of fiduciary duty claim is not a derivative claim.

In considering a motion to remand, a court's focus is restricted to its authority to hear the case pursuant to the removal statute. 28 U.S.C. § 1441. Whether removal was proper is determined from the record as a whole. *Casey v. Hinckley & Schmitt, Inc.*, 815 F.Supp. 266, 267 (N.D.Ill.1993); *Kennedy v. Commercial Carriers, Inc.*, 739 F.Supp. 406, 409 (N.D.Ill.1990). The party seeking to preserve the removal, not the party moving to remand, bears the burden of establishing that the court has jurisdiction. *Jones v. General Tire and Rubber Co.*, 514 F.2d 660, 664 (7th Cir. 1976). If the Court finds that it does not have jurisdiction, then it must remand the case to state court. *Casey*, 739 F.Supp. at 267; *Commonwealth Edison Co. v. Westinghouse Elec. Co.*, 759 F.Supp. 449, 452 (N.D. Ill.1991).

A stockholder's action against corporate management is derivative when "the gravamen of the complaint is injury to the corporation, or injury to the whole of its stock and property without any severance or distribution among individual holders, or it seeks to recover assets for the corporation

or to prevent the dissipation of its assets." *Jones v. Ahmanson & Co.*, 1 Cal.3d 93, 107 (Cal. 1969); *Gagnon Co., Inc. v. Nevada Desert Inn, Inc.*, 45 Cal.2d 448, 453 (Cal. 1955) (*Jones*); *Sutter v. General Petroleum Corp.*, 28 Cal.2d 525, 530 (Cal. 1946). Alternatively, a stockholder may bring an individual suit against the corporation management to enforce a right against the corporation which the stockholder possesses as an individual. *Jones*, 1 Cal.3d at 107. California law applies because Sesame is a California corporation.

In the present case, both Plaintiffs and Defendants cite to *Jones* to determine whether Plaintiffs' claim is a derivative or individual action. Specifically, Defendants argue where the injury is to the corporation, the shareholder may only sue on behalf of the corporation and may not sue the majority shareholders or directors individually. In *Jones*, the California court expressly rejected the majority approach argued by the Defendants and held that majority shareholders and directors have a fiduciary duty to act in good faith and fairness to the minority shareholders "from the viewpoint of those interested therein." *Jones*, 1 Cal.3d at 108.; *Remillard Brick Co. v. Remillard-Dandini Co.*, 109 Cal.App.2d 405 (Cal. 1952).

While a shareholder does not have an individual claim every time a director breaches his or her duties, the *Jones* court sets explicit standards for when minority shareholders may bring an individual suit. Majority shareholders breach the fiduciary responsibility when they "use their power to control corporate activities to benefit themselves alone or in a manner detrimental to the minority. Any use to which they put the corporation or their power to control the corporation must benefit all shareholders proportionately and must not conflict with the proper conduct of the corporation's business." *Jones*, 1 Cal.3d at 108. Here, Defendants, acting as the management of Sesame, ordered the transfer of substantially all of Sesame's assets to the corporation owned by Mensinger without

4

providing Sesame with adequate compensation. The transfer of assets substantially impaired the value of Plaintiffs' stock and prohibited Sesame from conducting its business. While the Defendants argue Plaintiffs' sole cause of action is to recover damages on behalf of Sesame, the *Jones* court expressly gives minority shareholders an individual cause of action against majority shareholders and directors for breaching the fiduciary duty they owe to the minority. Plaintiffs have sufficiently stated a cause of action pursuant to the standards set forth in *Jones* for violation of Defendants' fiduciary duty to minority shareholders.

Defendants further argue that Plaintiffs' claim is a derivative action because it seeks to recover for an alleged injury common to all shareholders. However, the injury necessary to support an individual action by a shareholder does not need to be unique to that shareholder. *Jones*, 1 Cal.3d at 107. In California, plaintiffs may seek to recover injuries to the corporation on behalf of the corporation and injuries to themselves incidental to the injury to the corporation. *Jones*, 1 Cal.3d at 107. Therefore, Plaintiffs' breach of fiduciary duty claim cannot be classified as a derivative action belonging to the trustee of Sesame. No federal question arises from Plaintiffs' claim. Thus, this court does not have jurisdiction over the matter.

## CONCLUSION

For the reasons stated above, the Plaintiffs' Motion For Remand or Abstention is granted. Defendants' Motion to Dismiss For Lack of Personal Jurisdiction and Improper Venue or, in the Alternative, For Transfer of Venue to the Northern District of California is denied as moot.

Plaintiffs' Motion to Stay Briefing on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or, in the Alternative, For Transfer of Venue to the Northern District of California is denied as moot.

Dated: 6/22/05

JOHN W. DARRAH
United States District Judge